# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SK&I ARCHITECTURAL DESIGN GROUP, LLC,<br>4600 East-West Highway, Suite 700<br>Bethesda, Maryland 20814 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil No.: 1:19-CV-2980 |
| FIRST NATIONAL BANK OF PENNSYLVANIA,<br>12 Federal Street, Suite 300<br>Pittsburgh, Pennsylvania 15212 | ) ) ) ) | |
| Serve on:   The Corporation Trust Incorporated<br>                2405 York Road, Suite 201<br>                Lutherville, Maryland 21093-2264 | ) ) ) ) | |
| and | ) ) | |
| COMPTROLLER OF MARYLAND<br>80 Calvert Street<br>P.O. Box 466<br>Annapolis, Maryland 21404-0466 | ) ) ) ) ) | |
| Serve on:   Brian E. Frosh, Esquire<br>                Maryland Attorney General<br>                200 St. Paul Place<br>                Baltimore, Maryland 21202 | ) ) ) ) ) | |
| and | ) ) | |
| CRESCENT CAPITOL VIEW MF, LLC<br>227 W. Trade Street, Suite 1000<br>Charlotte, North Carolina 28202 | ) ) ) ) | |
| Serve on:   CT Corporation<br>                1015 15th Street NW, Suite 1000<br>                Washington, D.C. 20005 | ) ) ) ) | |
| and | ) ) | |
| MAAMECH MID-ATLANTIC, INC. | ) | |

| | |
|---|---|
| 1111 Pepper Road | ) |
| Hunt Valley, Maryland 21031 | ) |
| | ) |
| Serve on:   Maryland Department of Assessments and | ) |
| Taxation | ) |
| 301 W. Preston Street | ) |
| Baltimore, MD 21201-2395 | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR INTERPLEADER**
**AND DECLARATORY RELIEF**

Plaintiff, SK&I Architectural Design Group, Inc. ("SK&I"), by its undersigned attorneys, files this Complaint for Interpleader and Declaratory Relief ("Complaint") pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, against defendants First National Bank of Pennsylvania ("FNBP"), Comptroller of Maryland ("Comptroller"), Crescent Capitol View MF, LLC ("Crescent") and MAAMECH Mid-Atlantic, Inc., ("MAAMECH"), and states the following for the Complaint:

**Parties**

1. Plaintiff, SK&I, is an architectural firm which maintains an office at 4600 East-West Highway, Suite 700, Bethesda, Maryland 20814. SK&I is a limited liability company organized under the laws of the State of Maryland. SK&I currently is in possession of the funds that are subject of this interpleader action.

2. Defendant, FNBP, is a bank with principal offices located at 12 Federal Street, Suite 300, Pittsburgh, Pennsylvania 15212. Upon information and belief, F.N.B. Corporation ("FNB Corp.") is the holding company for FNBP. FNB Corp. is incorporated under the laws of the State of Delaware. Upon information and belief, FNBP currently is a secured party to a transaction with MAAMECH.

3.      Defendant, Crescent, is a limited liability company, with principal offices located at 227 W. Trade Street, Suite 1000, Charlotte, North Carolina 28202.  Upon information and belief, Crescent is organized under the laws of the State of Delaware.  Crescent is the source of the funds that are the subject of this interpleader.

4.      Defendant, Comptroller, is an agency of the State of Maryland.  Upon information and belief, the State of Maryland currently holds several tax lien judgments against MAAMECH.

5.      Defendant, MAAMECH, is corporation with principal offices located at 1111 Pepper Road, Hunt Valley, Maryland 21031.  MAAMECH is incorporated under the laws of the State of Maryland.  The funds that are the subject of this interpleader action originally were intended for MAAMECH as payment for services allegedly performed by MAAMECH.

**Jurisdiction and Venue**

6.      This is a statutory interpleader action pursuant to 28 U.S.C. 1335.

7.      Pursuant to 28 U.S.C. 1335, federal courts have original jurisdiction over a civil action for interpleader when two or more adverse claimants, of diverse citizenship (as that term is defined by 28 U.S.C. § 1332), are claiming or may claim to be entitled to property with value in excess of $500.

8.      The possible claimants in this case FNBP, Crescent, Comptroller, and MAAMECH are citizens of Delaware, Delaware, Maryland, and Maryland, respectively.

9.      The Defendants have or may claim an entitlement to funds in the amount of $44,750 which are currently being held in escrow by SK&I.

10.     This court has jurisdiction under 28 U.S.C. § 1335 over this case as 1) there are two or more adverse claimants of diverse citizenship; and 2) the property held by SK&I for which the Defendants claim or may claim an entitlement to exceeds $500.

11. Pursuant to 28 U.S.C. § 1397, venue is appropriate in the judicial district in which one or more claimants reside. Venue is therefore appropriate in this Court because both claimants/defendants MAAMECH and Comptroller reside in Maryland.

### Facts

12. On or about August 26, 2015, SK&I entered into a contract with Crescent to provide professional architectural services for the construction of a residential building in the District of Columbia ("Project").

13. On February 24, 2016, SK&I engaged MAAMECH as a sub-consultant under SK&I's contract with Crescent to provide mechanical and plumbing design services for the Project.

14. On or about May or June of 2017, MAAMECH went out business, abandoned the Project and no longer was in communication with SK&I.

15. On or about June 27, 2017, SK&I terminated MAAMECH as its mechanical and plumbing sub-consultant for the Project due to MAAMECH's default and failure to perform its contractual services for SK&I.

16. Prior to SK&I's knowledge of MAAMECH going out of business, SK&I received a partial payment from Crescent for MAAMECH's services in the amount of $44,750 ("Funds"). SK&I has placed the Funds in escrow.

17. On July 13, 2017, a law firm purportedly representing FNBP contacted SK&I claiming to have a security interest in the Funds.

18. A recent search of the UCC filings in the State of Maryland reveals that defendants, FNBP, along with Liberty Mutual Insurance Company, and Ferguson Enterprises, Inc. are secured parties ("Secured Parties") with collateral interests in the Funds.

19. Further, a search of the State of Maryland judiciary reveals several state tax lien judgments against MAAMECH.

20. SK&I, through counsel, has written to the Secured Parties and to Crescent in an attempt to resolve the possible claims to the Funds.

21. An individual who identified himself as representative of Ferguson Enterprises, Inc. called counsel for SK&I and disclaimed any interest in the Funds and subsequently followed up with written confirmation as requested by counsel and as promised by the individual.

22. Counsel for Liberty Mutual Insurance Company responded stating that Liberty Mutual Insurance Company does not claim a security interest superior to Crescent, FNBP and/or the State of Maryland. Counsel for Liberty Mutual Insurance Company stated that should these parties relinquish their rights then Liberty Mutual Insurance Company would assert its rights to the Funds.

23. After receiving no response to its initial correspondence, SK&I, through counsel, contacted the Comptroller of Maryland via electronic mail in the continued attempt to resolve the possible claims. Counsel has yet to receive a response from the Comptroller of Maryland as of the drafting of this Complaint.

24. Correspondence regarding the Funds addressed to MAAMECH has been returned as undeliverable with no forwarding address listed by the United States Postal Service.

25. Counsel for FNBP responded asserting its rights to the Funds.

26. Crescent has directly communicated with SK&I and counsel for SK&I requesting that the Funds be returned.

27. SK&I, through counsel, has attempted to facilitate a settlement between FNBP and Crescent without success.

28. Considering the possible tax liens, Crescent and FNBP's colorably legitimate claims, SK&I remains in possession and control of the Funds until this court grants the appropriate relief.

## COUNT I
### (Interpleader of Funds)

31. Plaintiff adopts and incorporates all allegations and other statements set forth in paragraphs 1-23 of this Complaint.

32. SK&I is a disinterested and impartial stakeholder of the Funds. Other than seeking reimbursement for costs and attorneys' fees that SK&I has incurred in connection with the Funds and this interpleader action, which SK&I is entitled to recover under applicable federal law, SK&I makes no claim to the Funds. In this respect, SK&I "admits liability" in relation to the Funds.

33. The Defendants each have either made or may make adverse claims against each other to the Funds.

34. Payment by SK&I to the wrong party would expose SK&I to liability, while non-payment to its client, Crescent, also has potential to adversely impact a valued client relationship.

35. SK&I has incurred, and will continue to incur, attorneys' fees and expenses in connection with any dispute regarding the Funds and this interpleader action.

WHEREFORE, SK&I requests that this Court:

A. Restrain and enjoin the Defendants, and each of them, by Order and Injunction from instituting or prosecuting any action in any state or federal court against SK&I for the recovery of the Funds.

B. Authorize and order SK&I to deposit the Funds into the Registry of the Court;

  C. Require the Defendants, and each of them, to interplead as to the Funds and naming SK&I as Plaintiff;

  D. Dismiss SK&I from this action with prejudice and discharge SK&I from any liability to the Defendants with respect to the funds;

  E. Award SK&I the costs and attorneys' fees incurred by SK&I in connection with the dispute regarding the Funds and filing of this action; and

  F. Grant SK&I such other relief as may be just and proper.

  Respectfully submitted,

  KING & ATTRIDGE

  By /s/ Ronan A. Geronimo
  Ronan A. Geronimo, Esq. #19078
  John A. King, Esq. #00632
  39 West Montgomery Avenue
  Rockville, MD  20850
  Tel: 301-279-0780   Fax: 301-279-2988
  jking@kingattridge.com
  rgeronimo@kingattridge.com
  *Attorneys for SK&I Architectural Design*
   *Group, LLC*